IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**HENRY J. PETERS, #T6162**                                                           **PETITIONER**

**versus**                                                     **CIVIL ACTION NO. 2:11-cv-258-KS-MTP**

**SUPREME COURT OF THE STATE OF MISSISSIPPI**                           **RESPONDENT**

### MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner, an inmate of the Mississippi Department of Corrections ("MDOC"), filed this *pro se* petition for a writ of mandamus, citing 28 U.S.C. § 1651.  According to the online records of the MDOC, Petitioner is serving a term of imprisonment for convictions of malicious mischief and possession of burglary tools rendered by the Forrest County Circuit Court.[1]

Petitioner asserts complaints regarding his direct appeal and post-conviction relief filings with the Mississippi Supreme Court and the Forrest County Circuit Court.  As relief, Petitioner is asking this Court to

> order or compel the Mississippi Supreme Court and the Forrest County Circuit Court to obey there [sic] laws, Constitution, State and Federal, as well as prior federal and state court decisions and reverse the 11/13/08 dismissal for failure to pay cost and allow him to file proper pcr motion in the trial court, in accord with fundamental and constitutional due process guidelines in established criminal proceedings.

Pet. [ECF No. 1] at 15.

### Analysis

Title 28 U.S.C. §1915 applies to prisoners proceeding *in forma pauperis* in this Court.  Section 1915(e)(2) provides  that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory,

---

[1] *See* http://www.mdoc.state.ms.us/InmateDetails.asp?PassedId=T6162.

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). The Court has permitted Plaintiff to proceed *in forma pauperis* in this action, therefore his petition is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

As stated above, Petitioner has filed this action as a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651. Title 28 U.S.C. § 1651, also known as the All Writs Act, provides in relevant part, as follows:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

"[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996)(internal citation and quotation omitted). With this in mind, the Court determines that to the extent Petitioner seeks invalidity of his criminal convictions and sentence, the primary means available to Petitioner to challenge the fact or duration of his incarceration is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(habeas corpus provides the exclusive federal remedy available to a state prisoner seeking a speedier or immediate release from incarceration). Therefore, the Petitioner is not entitled to relief under the All Writs Act. *See, e.g., Brennan v. Wall*, 100 F. App'x 4, 5 (1st Cir. 2004) (finding All Writs Act unavailable because § 2254 habeas statute governs challenge to custody resulting from state court judgment); *Nelson v. Reese,* 214

F. App'x 465, 466-67 (5th Cir. 2007)(finding All Writs Act inapplicable because §2255 primary means of collaterally attacking a federal conviction and sentence).

In addition, the Court notes that to the extent Petitioner is asking the Court to act as an appellate court and review the complained of state court judgments, this Court lacks jurisdiction over his petition. As the Fifth Circuit has explained, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)(citations omitted).[2]  Simply put, federal district courts "cannot sit as appellate courts in review of state court judgments." *Id.*

## Conclusion

As explained above, Petitioner may not seek mandamus relief under the All Writs Act regarding his state court direct appeal and post-conviction filings.  Therefore, this petition for a writ of mandamus is DENIED and this case is hereby DISMISSED.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 14th  day of February, 2012.


                                        *s/ Keith Starrett*
                                   UNITED STATES DISTRICT JUDGE

---

[2] Referencing what has become known as the Rooker-Feldman doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).